IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM A. CORNELIO, III, #A0192661, | CIV. NO. 15-000058 SOM/BMK |
| Petitioner, | PRELIMINARY ORDER TO SHOW CAUSE AND ANSWER |
| vs. | |
| NOLAN ESPINDA, | |
| Respondent. | |

**PRELIMINARY ORDER TO SHOW CAUSE AND ANSWER**

Before the court is *pro se* petitioner William A. Cornelio, III's, petition for writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254. Cornelio challenges his Fourth Amended Judgment of Conviction and Sentence, entered in the Circuit Court of the Second Circuit, State of Hawaii ("circuit court"), on or about **September 13, 2011**. *See* Pet., Doc. No. 1, PageID #1; *State v. Cornelio*, Cr. No. 94-0-000590, avail. at: http://hoohiki1.courts.state.hi.us/jud/Hoohiki/main.htm (last visited April 15, 2015). Cornelio appealed the Fourth Amended Judgment on **September 23, 2011.** *See Cornelio v. State*, 2012 WL 1232934, *1 (Haw. App. Apr. 12, 2012) (CAAP 11-000701). On **April 12, 2012**, the Hawaii Intermediate Court of Appeals ("ICA") dismissed Cornelio's appeal for failure to prosecute. *Id.* There

is no indication in the Petition or publicly available records that Cornelio sought further review of the ICA's decision with the Hawaii Supreme Court.

More than a year later, on or about **July 25, 2013**, Cornelio sought state post-conviction relief from the Fourth Amended Judgment, under Rule 40 of the Hawaii Rules of Penal Procedure ("2013 Rule 40 Petition"). *See id.* PageID #17; *see also Cornelio v. State*, SPP No. 13-1-0007(2) (Haw. 2d Cir. Ct. 2013). The ICA affirmed the circuit court's denial of the 2013 Rule 40 Petition on **August 29, 2014** (No. CAAP-13-0005273). The Hawaii Supreme Court denied *certiorari* on **January 25, 2015** (No. SCWC-13-0005273). Cornelio filed the present Petition on **March 2, 2015.**[1]

Cornelio raises three grounds for relief: (1) illegally imposed "separate" sentences for each conviction, "without the authorization of the jury"; (2) double jeopardy, for conviction of five firearms offenses when there was only one firearm incident; and (3) cruel and unusual punishment, because his sentence is allegedly disproportionately harsh compared to other sentences imposed for similar crimes. Pet. Doc. No. 1, PageID #6, #8, #9. Cornelio asserts he has raised and exhausted these

---

[1] Cornelio signed the Petition on February 10, 2015, and mailed it on February 12, 2015. It was returned for insufficient postage, and resent on February 26, 2015. *See* Doc. No. 1-1.

issues either on direct appeal or in his 2013 Rule 40 Petition. *See id.; see also Cornelio v. State*, SPP No. 13-1-0007(2), avail. at: http://hoohiki1.courts.state.hi.us/jud/Hoohiki/main.htm (last visited April 15, 2015).

## I.   28 U.S.C. § 2244

Cornelio's claims are governed by the statute of limitation set forth in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d). Under the statute, a one-year limitation period applies to applications for writs of habeas corpus, subject to certain tolling conditions. *See* 28 U.S.C. § 2244(d)(2) (tolling the statute while a "properly filed" state post-conviction petition is pending); *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting statutory tolling under 2244(d)(2) to state, not federal, petitions).

A petitioner may also be entitled to equitable tolling of the statute upon a showing of extraordinary circumstances. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 n.8 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."); *Randle v. Crawford*, 578 F.3d 1177, 1186 (9th Cir. 2009).

Absent any applicable tolling provisions, the statute of limitation began to run, at the latest, thirty days after the

ICA dismissed Cornelio's appeal of the Fourth Amended Judgment, for failure to prosecute. *See* 28 U.S.C. § 2244(d)(1)(A) (stating one-year statute of limitation generally runs from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review"); *Gonzalez v. Thaler*, 132 S. Ct. 641, 646 (2012) ("[F]or a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires."); Haw. R. App. P. 40.1 (providing thirty days to seek *certiorari* of ICA decisions in Rule 40 petitions). Thus, the statute of limitation began to run on **May 13, 2012**, the day after the time to seek review with the Hawaii Supreme Court passed, and expired on or about **May 13, 2013.**

An application for state post-conviction relief does not revive the statute of limitation when it is filed after the AEDPA statute of limitations has expired. And a state petition for post-conviction relief that runs afoul of the statute of limitation is not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2). *See Pace*, 544 U.S. at 412-16; *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003); *Jimenez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). Because Cornelio's 2013 Rule 40 Petition was filed **seventy-four** days after the Fourth Amended Judgment became final, it cannot serve to toll the statute of limitation.

## II. CONCLUSION

Cornelio is **NOTIFIED** that the court is considering dismissing the Petition as time-barred. *See Herbst v. Cook*, 260 F.3d 1039, 1042 & n.3, 1043 (9th Cir. 2001) (discussing the district court's authority to raise on its own the issue of statute of limitation and requiring the court to provide petitioner with adequate notice and an opportunity to respond before dismissing the petition on statute of limitation grounds).

Respondent is ORDERED, pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, to file a Preliminary Answer to the Petition on or before **MAY 22, 2015.** The Preliminary Answer should address how the statute of limitation applies to Cornelio's Petition and whether there were any impediments preventing Cornelio from timely filing the Petition. The Preliminary Answer must comply with Rule 5 of the Rules Governing Section 2254 Cases and with Local Rule LR7.5, and may not exceed the specified number of pages or words, excepting exhibits, without good cause shown and permission from the court. Respondent shall not file duplicate exhibits that may be part of the record in Cornelio's state criminal case or post-conviction proceedings.

Cornelio SHALL submit a Reply to the Preliminary Answer on or before **JUNE 12, 2015**, **showing cause why the Petition should not be dismissed as time-barred.** It is Cornelio's burden to

demonstrate that he is entitled to equitable tolling. *See Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002). After receipt of the parties' memoranda, the court will determine whether this action should proceed on its merits after further briefing or be dismissed as time-barred.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 17, 2015.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

cc:  Petitioner (Order)
Respondent (Petition & Order)

John D. Kim, Prosecuting Attorney, County of Maui
(Petition & Order)

Douglas Chin, Attorney General, State of Hawaii
(Petition & Order)

*Cornelio v. Espinda*, Civ. No. 15-00058 SOM/BMK; J:\PSA Draft Ords\SOM\Cornelio 15-58 SOM (POSC sol exh).wpd (psa OSC '15 habeas)