IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM A. CORNELIO, III, #A0192661, | CIV. NO. 15-000058 SOM/BMK |
| Petitioner, | ORDER DISMISSING PETITION AS TIME-BARRED AND DENYING CERTIFICATE OF APPEALABILITY |
| vs. | |
| NOLAN ESPINDA, | |
| Respondent. | |

**ORDER DISMISSING PETITION AS TIME-BARRED AND DENYING CERTIFICATE OF APPEALABILITY**

Before the court is *pro se* petitioner William A. Cornelio, III's, petition for writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254. Cornelio challenges the Fourth Amended Judgment, Conviction, and Sentence, entered in Cr. No. 94-0-000590, by the Circuit Court of the Second Circuit, State of Hawaii ("circuit court"), on or about September 13, 2011. *See* Pet., Doc. No. 1, PageID #1; *State v. Cornelio*, Cr. No. 94-0-000590: http://hoohiki1.courts.state.hi.us/jud/Hoohiki/main.htm (last visited April 15, 2015).

On April 17, 2015, the court issued a Preliminary Order to Show Cause And Answer directing the parties to address the timeliness of this Petition and whether equitable or statutory tolling applied. Doc. No. 7. Respondent filed his Answer on May 21, 2015. Doc. No. 9. Cornelio filed a Reply on June 1, 2015. Doc. No. 10. After carefully considering the Answer, Reply, and

record, the court DISMISSES the Petition as time-barred under 28 U.S.C. § 2244(d)(1).

## I. **BACKGROUND**

Cornelio timely filed a notice of appeal ("NOA") with the Hawaii Intermediate Court of Appeals ("ICA"), challenging the state circuit court's entry of the Fourth Amended Judgment in Cr. No. 94-0-000590, on September 23, 2011. *See Cornelio v. State*, No. CAAP 11-000701 (Haw. App. Apr. 12, 2012), Doc. No. 9-2, PageID #49-50. On November 22, 2011, the state appellate clerk filed the record on appeal and informed Cornelio by mail that the jurisdictional statement and opening brief were due December 2, 2011, and January 3, 2012, respectively. Doc. No. 9-2, PageID #49. Cornelio failed to file either document or otherwise communicate with the court. *Id.*

On March 20, 2012, the ICA sent Cornelio a default notice explaining that the time for filing the jurisdictional statement and opening brief had expired, the court would take notice of this failure on March 30, 2015, and the appeal might then be dismissed pursuant to Rule 30 of the Hawaii Rules of Appellate Procedure. On March 26, 2012, this notice was returned to the ICA, marked "NOT HERE" and "UNABLE TO FORWARD." Doc. No. 9-2, PageID #50.

On April 12, 2012, having received no response from Cornelio, the ICA dismissed the appeal for Cornelio's failure to

2

prosecute. *Id.* The ICA found that Cornelio had failed (1) to file a jurisdictional statement or opening brief on appeal; (2) to provide a notice of change of address to the court; or (3) to otherwise take steps to prosecute the action beyond filing an NOA. *Id.* There is no indication on the record that Cornelio ever contacted the ICA to inquire about his appeal.

More than a year later, on or about July 25, 2013,[1] Cornelio sought state post-conviction relief from the Fourth Amended Judgment, under Rule 40 of the Hawaii Rules of Penal Procedure ("2013 Rule 40 Petition"). *See Cornelio v. State*, SPP-13-1-0007(2) (Haw. 2d Cir. Ct. 2013), Doc. No. 9-3, PageID #53-58. The ICA affirmed the circuit court's denial of the 2013 Rule 40 Petition on August 29, 2014, and the Hawaii Supreme Court denied *certiorari* on January 25, 2015. *See Cornelio v. State*, CAAP-13-0005273, 2014 WL 4284133, *5 (Haw. App. Aug. 29, 2014), *cert. den.*, SCWC-13-0005273, 2015 WL 340838, *1 (Haw. Jan. 26, 2015). Cornelio filed the present Petition on March 2, 2015.[2]

Cornelio raises three grounds for relief: (1) the "separate" sentence imposed for each conviction, "without the authorization of the jury," was illegal; (2) he had suffered

---

[1] Cornelio signed the 2013 Rule 40 Petition on July 14, 2013, but there is no indication when he gave it to prison authorities for mailing.

[2] Cornelio signed the Petition on February 10, 2015, and mailed it on February 12, 2015. It was returned for insufficient postage, and resent on February 26, 2015. *See* Doc. No. 1-1.

3

double jeopardy, for conviction of five firearms offenses when there was only one firearm incident; and (3) he was subjected to cruel and unusual punishment, because his sentence was allegedly disproportionately harsh compared to other sentences imposed for similar crimes.  Pet. Doc. No. 1, PageID #6, 8, 9.  Cornelio asserts that he exhausted these issues either on direct appeal or in his 2013 Rule 40 Petition.  *See id.; see also Cornelio v. State*, SPP No. 13-1-0007(2), avail. at: http://hoohiki1.courts.state.hi.us/jud/Hoohiki/main.htm (last visited April 15, 2015).

## I.   28 U.S.C. § 2244

Cornelio's claims are governed by the statute of limitation set forth in 28 U.S.C. § 2244(d)(1), which provides:

> a one year period of limitation on applications for writ of habeas corpus by persons in custody pursuant to state court judgments.  The limitation period runs from the latest of-
>
> > (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;

>     (C) the date on which the
>         constitutional right asserted
>         was initially recognized by
>         the Supreme Court, if the
>         right has been newly
>         recognized by the Supreme
>         Court and made retroactively
>         applicable to cases on
>         collateral review; or
>
>     (D) the date on which the factual
>         predicate of the claim or
>         claims presented could have
>         been discovered through the
>         exercise of due diligence.

A petitioner may also be entitled to equitable tolling of the statute upon a showing of extraordinary circumstances. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 n.8 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."); *Randle v. Crawford*, 578 F.3d 1177, 1186 (9th Cir. 2009).

### III. THE PARTIES' ARGUMENTS

Respondent argues that the Petition is time-barred because Cornelio took no action for more than a year after the ICA dismissed his appeal. Respondent asserts that the statute of limitation (1) was not statutorily tolled under 28 U.S.C. § 2244(d)(2) when Cornelio filed the 2013 Rule 40 Petition, because it had already expired; and (2) cannot be statutorily or equitably tolled because there were no impediments to his

5

prosecuting his appeal or filing this Petition. *See* Answer, Doc. No. 9, PageID #43-44.

Cornelio asserts that he timely appealed the Fourth Amended Judgment on September 23, 2011, which is not disputed. He claims his transfer from Maui Community Correctional Center ("MCCC") to Halawa Correctional Facility ("HCF") on February 7, 2012, prevented him from receiving any ICA documents, filing his briefs, or communicating with the court. He suggests that he was unaware his appeal had been dismissed until he filed the 2013 Rule 40 Petition. Reply, Doc. No. 10. Cornelio says he was on "sep[a]ratee status" at HCF, and "all of his rights/privile[ges] were extremely limited." *Id.*, PageID #77. On June 27, 2012, Cornelio says he was transferred to the Saguaro Correctional Center ("SCC"), in Eloy, Arizona, and placed in segregation until his transfer to the Red Rock Correctional Center ("RRC"), also in Eloy, Arizona, a month later.

Cornelio says that he filed the 2013 Rule 40 Petition immediately on his return to Hawaii, on or about July 25, 2013, so that he could exhaust his "final ground" before proceeding in the federal court. He claims that his transfers and segregated housing between February 7, 2012, and July 25, 2013, were impediments to his "filing any petition despite [his] diligently pursuing his rights." Doc. No. 10, PageID #78. Cornelio also asserts that these alleged state-created impediments were

6

extraordinary circumstances that entitle him to equitable tolling.³ *Id.*, PageID #79.

## IV. DISCUSSION

The statute of limitation began to run on April 12, 2012, thirty days after the ICA dismissed Cornelio's appeal of the Fourth Amended Judgment for failure to prosecute. *See* 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 132 S. Ct. 641, 646 (2012) ("[F]or a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires."); Haw. R. App. P. 40.1 (providing thirty days to seek *certiorari* of ICA decisions in Rule 40 petitions). Thus, the statute of limitation began to run on **May 13, 2012,** when the time to seek review with the Hawaii Supreme Court passed, and absent tolling, expired 365 days later on **May 13, 2013.**

### A. No State Impediment or Entitlement to Equitable Tolling

A claim under 28 U.S.C. § 2244(d)(1)(B) "must satisfy a far higher bar than that for equitable tolling." *Ramirez v. Yates*, 571 F.3d 993, 1000 (9th Cir. 2009). Section 2244(d)(1)(B) applies only to impediments created by state action that violates the Constitution or laws of the United States. *Id.*; *Shannon v.*

---

³ Cornelio does not assert a newly recognized, retroactive constitutional right, or a newly discovered factual predicate. *See* 28 U.S.C. § 2244(d)(1)(C-D).

7

*Newland*, 410 F.3d 1083, 1088 n.4 (9th Cir. 2005). A petitioner is entitled to the commencement of a new limitations period under § 2244(d)(1)(B) only if the impediment "altogether prevented him from presenting his claims in any form, to any court." *Ramirez*, 571 F.3d at 1001. "To obtain relief under § 2244(d)(1)(B), the petitioner must show a causal connection between the unlawful impediment and his failure to file a timely habeas petition." *Bryant v. Ariz. Atty. Gen.*, 499 F.3d 1056, 1060 (9th Cir. 2007) (citing *Gaston v. Palmer*, 417 F.3d 1030, 1034–35 (9th Cir. 2005), *amended by* 447 F.3d 1165 (9th Cir. 2006)).

In asserting that the state impeded the pursuit of his rights between February 7, 2012, and July 25, 2013, Cornelio relies on *Davis v. Abercrombie*, Civ. No. 11-00144 LEK/BMK (D. Haw. Mar. 8, 2011) (still pending). He claims that he was a member of the class that filed that suit and that the case involved the denial of access to the courts for inmates housed at RRCC and SCC. First, *Davis* was filed in the state court on February 3, 2011, by the Native Hawaiian Legal Corporation more than a year before Cornelio arrived at SCC or RRCC, and does not allege a denial of access to the courts. *See id.*, Doc. No. 1. Rather, *Davis* asserts violations of the Free Exercise Clause of the First Amendment; the Equal Protection Clause of the Fourteenth Amendment; the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc-1 *et*

8

*seq.* ("RLUIPA"); article 1, sections 4 and 5, and article XII, section 7 of the Hawaii constitution; and Hawaii Revised Statutes §§ 1-1 603-21.9(1, 6) and 603-2. These claims stem from RRCC and SCC prison officials' alleged failure to allow Hawaiian inmates to participate in a yearly Makahiki celebration, beginning in 2009. *See* Civ. No. 11-00144 LEK/BMK, Compl., Doc. No. 1-2; Am. Compl., Doc. No. 42; Am. Compl. Doc. No. 146; Supplemental Am. Compl., Doc. No. 146. *Davis* provides no support for Cornelio's claims that there was a state-created impediment to his pursuing relief in the state or federal courts.

Even if *Davis* had involved the denial of access to the courts, which the pleadings in that case do not indicate, any ruling on that issue could not have given Cornelio more remedies or additional access relevant to the present action. Cornelio was actively pursuing his rights on direct appeal in the Hawaii state courts, commenced and litigated another federal civil rights action (discussed below), and litigated his 2013 Rule 40 Petition, all while *Davis* proceeded in this court. *See Christopher v. Harbury*, 536 U.S. 403, 416 2002); *Nev. Dept. of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011). *Davis* does not support Cornelio's claim that he was impeded from timely filing a petition in the state or federal court before July 25, 2015.

9

Second, Cornelio fails to explain how a state impediment prevented him from responding to the ICA's November 22, 2011, Notice regarding due dates for his jurisdictional statement and opening brief. *See* Doc. No. 9-2, PageID #49. Cornelio was still incarcerated at MCCC, and both documents were due before he was transferred to HCF. Cornelio's transfer to HCF on February 7, 2012, could not have affected his ability to timely file his jurisdictional statement or opening brief, or seek an extension of time to do so. Cornelio also fails to explain why he never filed a notice of change of address when he was transferred to HCF, SCC, or RRCC.

Third, Cornelio commenced a prisoner civil rights action in this court on February 3, 2012, before his transfer to HCF. *See Cornelio v. Hirano*, Civ. No. 12-00072 LEK/RLP (D. Haw. Feb. 3, 2012). On February 13, 2012, the case's initiating documents, sent to Cornelio at MCCC, were returned. *Id.*, Doc. Nos. 5 & 6. After ascertaining that Cornelio had been transferred to HCF, the court updated his address and resent all documents to him there. Between March 5 and June 26, 2012, Cornelio submitted seven documents in Civ. No. 12-00072 while at HCF, including *in forma pauperis* applications, amended complaints, motions, and letters. *See* Doc. Nos. 7, 10, 12, 13, 15, 16, & 18. These filings clearly contradict Cornelio's

argument that there were state impediments preventing him from prosecuting his state appeal or pursuing his rights.

Fourth, Cornelio says he was transferred to SCC on June 27, 2013, but fails to explain why he again failed to submit a notice of change of address with either the state or federal court. On August 30, 2012, after Cornelio had failed to file an amended complaint in response to this court's July 10, 2012, Order Dismissing Second Amended Complaint, Doc. No. 21, the court entered judgment against Cornelio. Doc. No. 23. On September 20, 2012, however, having somehow received notice of the entry of judgment, Cornelio moved to alter or amend the judgment. Doc. No. 24. Because Cornelio's Motion's return address showed that he was incarcerated at SCC in Arizona, the court updated his address, granted his motion, and vacated the judgment. *See* Doc. Nos. 24-26.

Between September 20, 2012, while he was in Arizona, and July 8, 2013, when he returned to HCF,[4] Cornelio submitted eight documents and effected service on Defendants, all while he remained incarcerated at SCC or RRCC. *See* Doc. Nos. 24, 25, 27, 28, 30, 34-37, 41-42, 45, 46, 52.

Based on this record, it is clear that Cornelio had the ability to respond to the ICA's scheduling orders while at MCCC.

---

[4] His reply memorandum filed on July 8, 2013, in support of his motion to file an amended complaint, listed HCF as his return address. *See* Doc. No. 52-2.

He failed to file notices of change of address with either the ICA or this court at any time. He clearly was not impeded from prosecuting Civ. No. 12-00072 while at HCF, SCC, or RRCC. In fact, Cornelio's diligence in prosecuting Civ. No. 12-00072, despite his transfers and segregation, only highlights his consistent failure to update the state and federal courts of his whereabouts, his lack of diligence in prosecuting his direct appeal or otherwise communicating with the ICA, his failure to fully exhaust his claims in state court, and his failure to file a timely habeas petition in this court. Most important, Civ. No. 12-00072 shows that Cornelio was not impeded by state action from pursuing his rights in state or federal court. Similarly, these factors show that Cornelio was not (1) subject to extraordinary circumstances preventing his filing this Petition, and (2) diligently pursuing his rights. Cornelio is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(1)(B), or equitable tolling.

**B.  28 U.S.C. § 2244(d)(2)**

Finally, because Cornelio's July 25, 2013 Rule 40 Petition was filed after the AEDPA statute of limitations had expired, it did not revive the statute of limitation. *See Pace*, 544 U.S. at 412-16 (stating that a state post-conviction petition that runs afoul of the statute of limitation is not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2)); *Ferguson v.*

*Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003); *Jimenez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). Cornelio's 2013 Rule 40 Petition did not toll the statute of limitation and its filing is immaterial to this analysis.

### V. **CONCLUSION**

Cornelio's transfers and segregated status did not create an impediment to the timely filing of his federal Petition and do not support a finding of extraordinary circumstances. Cornelio's actions in Civ. No. 12-00072 LEK/RLP, show that he had the ability to pursue his rights, but failed to do so. Cornelio is not entitled to statutory or equitable tolling. The Petition is DISMISSED with prejudice as time-barred.

A certificate of appealability is DENIED because Cornelio has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2)

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 22, 2015.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Cornelio v. Espinda,* Civ. No. 15-00058 SOM/BMK; psa habeas 2015 Cornelio 15-58 (sol); J:\PSA Draft Ords\SOM\Cornelio 15-58 SOM (sol).wpd